# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
February 3, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STACIE L. ERWIN,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0311**  (BOR Appeal No. 2048772)
(Claim No. 950029078)

**CHARLESTON LINCOLN MERCURY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Stacie L. Erwin, by Patrick Kevin Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated February 27, 2014, in which the Board affirmed an August 21, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 6, 2012, decision denying Ms. Erwin's request for a CT scan of the lumbar spine with dye and CT scan of the thoracic spine without and with dye. The Office of Judges also affirmed the claims administrator's July 26, 2012, decision denying Ms. Erwin's request for cervical facet injections with fluoroscopy. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Erwin worked for Charleston Lincoln Mercury, Inc., as a sales person. On December 28, 1994, she was rear-ended when stopping at a stop light. The claim was held

1

compensable.[1] Marsha Lee Bailey, M.D., listed the following as approved diagnoses: 846.0 lumbosacral strain, 847.1 thoracic strain, 847.0 cervical strain, 784.0 cephalgia, and 724.8 lumbar thoracic facet syndrome, but Ms. Erwin listed the following codes as approved diagnoses 721.41, 721.42, 722.51, 722.11, 722.10, and 721.03. However, an E-Comp Claimant Eligibility Information statement from BrickStreet Insurance listed the following as accepted diagnoses: thoracic spondylosis without myelopathy, lumbosacral spondylosis, unspecified reflex sympathetic dystrophy, reflex sympathetic dystrophy in the upper limb, causalgia in the lower limb, reflex sympathetic dystrophy in the lower limb, sprain/strain of knee/leg unspecified, and sprain/strain of lumbosacral. On January 26, 2001, Dr. Bailey examined Ms. Erwin and concluded that she has long ago reached maximum medical improvement. Dr. Bailey also found that no further treatment for some time has changed her symptoms or increased her functionality. On May 6, 2013, Jerry Scott, M.D., examined Ms. Erwin and concluded that there was no indication for a CT scan in any region of the spine. Dr. Scott found the most striking aspect of this claim is the amount of treatment Ms. Erwin has had with very little in the way of objective findings and pathology.

On February 8, 2012, Wilfrido Tolentino, PAC, requested a CT scan of the lumbar spine with contrast and a CT scan of the thoracic spine without and with contrast be authorized with an indicated diagnosis for lumbosacral neuritis. On March 6, 2012, the claims administrator denied the request for a CT scan of the lumbar spine with dye and CT scan of the thoracic spine without and with dye for lack of information. The claims administrator requested additional information regarding the medical necessity of the diagnostic testing on February 29, 2012, and March 1, 2012, and as of March 6, 2012, no additional information had been received.

On July 23, 2012, Christopher Kim, M.D., requested cervical facet injections with fluoroscopy for the diagnosis cervicalgia. Dr. Scott found no indication for cervical injection. The claims administrator denied the request for cervical facet injections with fluoroscopy based on the MRI on November 13, 1997, that was normal, a cervical CT scan of December 5, 2005, that was normal, the cervical x-ray on May 3, 2012, that showed mild degenerative changes, and Dr. Kim's office notes dated July 17, 2012, that did not have objective medical findings to support the medical necessity of the requested injections.

The Office of Judges affirmed both of the claims administrator's decisions and found Ms. Erwin has failed to show by a preponderance of the evidence that the requested treatment is for an injury received in the course of and resulting from employment. The Board of Review affirmed the Order of the Office of Judges. On appeal, Ms. Erwin disagrees and asserts that she clearly received an injury in the course of and as a result of her employment and that she has received treatment since the injury to her neck, mid-back, and lumbar spine. Ms. Erwin further argues that her medical history regarding the injuries has been consistent in that she continues to have chronic pain from the work injury and that the medical treatment for this injury has been medically reasonable and necessary to treat her ongoing pain.

---

[1] The claims administrator's decision holding the claim compensable is not in the record, and none of the Orders or decisions in the record indicate what conditions have been held compensable.

The Office of Judges found the denial of the CT scans to be supported by the preponderance of the evidence. It stated that Dr. Tolentino's request for the CT scans listed the reason as lumbosacral neuritis. The Office of Judges concluded that a review of the record did not establish that lumbosacral neuritis has been held compensable. The Office of Judges further found the denial of the cervical facet injections to be supported by the preponderance of the evidence. It stated that Dr. Kim's request for the cervical facet injections listed the reason as cervicalgia. The Office of Judges concluded that the record does not establish that cervicalgia has been held to be a compensable condition of the instant claim and therefore found the treatment is not for an injury or disease received in the course of and resulting from employment.

The Board of Review agreed with the findings of the Office of Judges. This Court agrees with the Order of the Board of Review. Lumbosacral neuritis and cervicalgia were not listed as allowed diagnoses on the E-Comp Claimant Eligibility Information screen, which is believed to depict accepted diagnoses for the instant claim, nor were these conditions listed as allowed diagnoses by Elite Physicians, Ltd., in its March 21, 2008, report or by Dr. Bailey in her January 26, 2001, report. Additionally, Ms. Erwin did not even list lumbosacral neuritis and cervicalgia in her brief as allowed conditions. There is no Order or decision in the record that lists the compensable conditions for this claim. Therefore, based on the record this Court finds the Board of Review properly affirmed the Office of Judges' denial of CT scans because the treatment was for the non-compensable condition of lumbosacral neuritis and also properly affirmed the Office of Judges' denial of cervical facet injections because the treatment was for the non-compensable condition of cervicalgia.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  February 3, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II